IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY R. ROLAND,
        Petitioner,

v.                                              CASE NO.  1:15-cv-267-MW-GRJ

SEC'Y, DEP'T
OF CORR.,
        Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* petition for a writ of

habeas corpus under 28 U.S.C. § 2254 in the United States District Court

for the Southern District of Florida on October 27, 2015. ECF No. 1. On

December 9, 2015, the petition was transferred to the Gainesville Division

of the Northern District of Florida and opened under this case number. ECF

No. 11.

On November 30, 2015, Petitioner filed a § 2254 petition challenging

the same judgment and sentence as in the instant Petition also in the

Gainesville Division, which was assigned to U.S. Magistrate Judge

Elizabeth M. Timothy and opened as case No. 1:15-cv-262-MW-EMT.

Because the Petition in that case presented common questions of fact and

1

law and involved the same events as in the instant case, on July 7, 2016, Judge Timothy entered an order consolidating No. 1:15-cv-262-MW-EMT with this case and ordering that all future pleadings be filed under this case number.[1]

Thereafter, Petitioner Amended his Petition in this case. ECF No. 34. Respondent has filed a response, along with the relevant state-court record. ECF No. 62. Petitioner filed a reply. ECF No. 66. The case is therefore ripe for review. Upon due consideration of the Petition, the response, the state-court record, and the reply, the undersigned recommends that the Petition be denied.[2]

## I. State-Court Proceedings

On March 9, 2011, Petitioner was charged by information with tampering with or harassing a witness, in violation of Section 914.22(3)(a), Florida Statutes, for stating to Cecilia Henry, "If you testify, I will kill you." ECF No. 62-1 at 59. Petitioner was the subject of several investigations

---

[1] The Court has considered the claims and arguments asserted in case No. 1:15-cv-262-MW-EMT to the extent they differ from those raised in the First Amended Petition in this case.

[2] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

conducted by the Levy County Sheriff's Office. Ms. Henry was a paid

informant for law enforcement assisting in investigations involving

Petitioner.

Although Petitioner was appointed counsel prior to trial he filed a

motion to dismiss his attorney and requested that he be allowed to

represent himself. *Id.* at 127-130. After conducting a *Faretta*[3] hearing, the

trial judge ruled that Petitioner had knowingly and voluntarily waived his

right to counsel and designated his counsel as stand-by counsel. *Id.* The

state later amended the information, charging Petitioner with tampering

with a witness, victim, or information in violation of Section 914.22(1),

Florida Statutes. ECF No. 62-2 at 112.

A jury found Petitioner guilty, and he was sentenced to thirty years'

imprisonment. *Id.* at 137-151. Petitioner appealed to the First District Court

of Appeal ("DCA"), and the First DCA *per curiam* affirmed the judgment and

sentence. ECF No. 62-3 at 250. Petitioner filed a motion for rehearing,

which the First DCA denied. *Id.* at 266.

Petitioner then filed a motion for postconviction relief pursuant to Fla.

R. Crim. P. 3.850, which he amended three times. The state postconviction

---

[3] *Faretta v. California*, 422 U.S. 806 (1975).

court, after addressing Petitioner's nineteen grounds for relief, denied the motion. ECF No. 62-4 at 193-99. Petitioner then filed a notice of appeal and amended postconviction motion in the First DCA. *Id.* at 220; 225-238. The First DCA denied the motion and *per curiam* affirmed the judgment and sentence. ECF No. 62-5 at 57, 59. Thereafter, Petitioner filed two motions for rehearing and clarification, which the First DCA denied. *Id.* at 63-73.

Petitioner then filed a petition for belated appeal, which the First DCA treated as a petition alleging ineffective assistance of appellate counsel, and denied on the merits. *Id.* at 78-101. Petitioner moved for rehearing, but the First DCA denied the motion. *Id.* at 103-109.

Petitioner then initiated this federal habeas action now before the Court. ECF No. 1. His First Amended Petition, the operative pleading in this case, asserts eight grounds for habeas relief. ECF No. 34. The claims, as pleaded in his Petition, are largely conclusory allegations unsupported by specific facts or argument. ECF No. 34. Respondent filed a response, along with the relevant state-court record, arguing in part that Petitioner's claims fall short of the federal habeas pleading standard. ECF No. 62. Thereafter, Petitioner filed a seventeen-page, mostly handwritten and at times incoherent reply in which he expounds upon his claims but also

4

asserts a stream of fragmentary grievances related to his state proceeding. ECF No. 66.

To the extent the allegations in the reply are comprehensible and serve to further explain the claims already raised in Petitioner's initial brief, the Court has reviewed and considered the allegations set forth therein. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.' ") (citation omitted).

## II. Scope of Federal Habeas Review

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful

opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to

6

rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); *see also* § 2254(e)(1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than

*dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams*, 529 U.S. at 362). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's

8

decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill*, the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. 633 F.3d at 1288 (citing *Harrington v. Richter*, 526 U.S. 86 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002)

9

(summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to

carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so

11

> on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*. To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a

12

strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's*

13

deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

### III. Discussion

### <u>Ground One</u>

In his first ground for relief, Petitioner asserts he was "falsely" arrested without a warrant because the arrest warrant was not signed by a judge; there was no sworn statement to support the arrest warrant; and there was no record of booking Petitioner in jail. ECF No. 34 at 5.

Petitioner presented this claim to the state postconviction court (construed as Grounds Four and Sixteen of his 3.850 motion), and the state court found that the claim was procedurally barred because Petitioner could have but failed to raise the claim at trial or on direct appeal. ECF No. 62-4 at 186-188, citing *Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack"); *Jones v. State*, 446 So. 2d 1059, 1061-62 (Fla. 1984).

14

Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993), citing *Coleman v. Thompson*, 501 U.S. 722, 734-35 & n.1 (1991); *see Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). Procedural default is a rule which is firmly established and regularly followed by the state court. The Florida Supreme Court has consistently recognized that "issues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack." *Harvey v. Dugger*, 656 So. 2d 1253, 1256 (Fla. 1995); *Johnson*, 593 So. 2d 206. Petitioner's claim was presented to the state court and rejected on the independent and adequate state ground of procedural bar or default. The procedural bar imposed by the state court is entitled to deference. Petitioner's Ground One is barred from review, and Petitioner has failed to make the showing required to overcome the procedural bar.

Ground One is also meritless. The arrest warrant clearly bears the signature of Levy County Judge James T. Browning and a Levy County Circuit Court file stamp of January 19, 2011. ECF No. 62-1 at 30. The

15

record also reflects the arrest warrant was supported by a sworn complaint setting forth probable cause to arrest Petitioner, which was signed by detective Jerry Miller. *Id.* at 25-26.

Petitioner appears to be laboring under the misapprehension that because at some point he obtained through discovery an unsigned copy of the arrest warrant, that the arrest warrant was never signed at all. Additionally, whether or not there is a record of Petitioner being booked into a jail has nothing to do with Petitioner's claim of a warrantless arrest.

In his reply, Petitioner further expounds upon this claim but makes no allegations that merit relief. He states that there are several unsubstantiated allegations in the affidavit in support of his arrest, but he does not say what they are or why they are unsubstantiated, that the affidavit is not signed by the victim or a witness, and there are discrepancies in the sworn complaint as to when the crime occurred.

Petitioner further asserts that the prosecutor suppressed the deposition testimony of various witnesses but does not explain how or why he was prejudiced as a result. He finally argues that no officer responded to the scene of the crime and that the detective falsified legal documents in this case; however, he does not identify the legal documents or explain

16

how he was prejudiced by their suppression. Petitioner's scattershot allegations are insufficient to warrant habeas relief. *See Moore v. Crews*, No. 16-11675-H, 2017 WL 7085622, at *4 (11th Cir. Oct. 24, 2017); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (explaining that a petitioner is not entitled to federal habeas relief "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible"). Moreover, nothing in the record demonstrates Petitioner's arrest was unconstitutional. Ground One should be denied because it is procedurally barred and has no merit whatsoever.

**Ground Two**

In Ground Two, Petitioner alleges ineffective assistance of counsel on the grounds that his trial counsel conspired with the state attorney to help the state attorney convict him. He further asserts that counsel illegally represented him in a separate criminal case.

In his reply, Petitioner asserts that trial counsel was ineffective for failing to "show up" for thirty-five days after Petitioner was arrested and therefore failed to represent him at a critical point in his criminal proceeding. He further asserts that trial counsel was ineffective for failing to investigate the warrantless arrest claim. Further, although difficult to

17

decipher, Petitioner appears to assert that his counsel denied his request to transcribe witness depositions for Petitioner to use in preparation of his trial. ECF No. 66 at 2-3. He further asserts that counsel on appeal was ineffective for failing to raise a claim challenging his "false arrest." *Id.* at 5.

In his state motion for postconviction relief, Petitioner asserted that defense counsel Michael Bryant conspired with the state's attorney to help the prosecution convict him in a separate criminal case. ECF No. 62-4 at 117. Petitioner also alleged that his attorney in this case did not investigate the fact that petitioner was arrested without an arrest warrant. *Id.* In denying his claim, the state habeas court held as follows:

> As to Ground 2, Defendant complains about counsel's representation in unrelated cases. Defendant represented himself at trial in this case. *See* Judgment; Trial Transcript at 1 (front page indicating that Defendant represented himself at trial). The claims raised under this ground are either irrelevant to this case; or, are a challenge to the sufficiency of the evidence used to convict him. As for the former, Defendant cannot challenge counsel's representation in unrelated cases through a rule 3.850 motion in this case. As for the latter, a defendant cannot challenge the sufficiency of the evidence underlying his conviction through a rule 3.850 motion, especially where there has been a direct appeal. *Betts v. State*, 792 So. 2d 589, 590 (Fla. 1st DCA 2001); *see also Johnson*, 593 So. 2d at 208 ("[i]ssues which either were or could have been litigated at trial upon direct appeal are not cognizable through collateral attack"). Motions filed under Rule 3.850 "cannot be utilized for a second appeal." *Jones*, 446 So. 2d at 1061-62. Accordingly, the claim raised is without merit.

ECF No. 62-4 at 188. The state postconviction court further denied Petitioner's claims of ineffective assistance of appellate counsel, finding that the claims are procedurally barred because Petitioner failed to raise them in a petition for writ of habeas corpus filed in the appellate court. *Id.*

Petitioner fails to demonstrate that the state postconviction court's resolution of his claims was unreasonable. To the extent Petitioner alleges his trial counsel rendered ineffective assistance for conspiring with the state attorney to convict him in a separate criminal case, the state postconviction court correctly found that Petitioner was not permitted to challenge counsel's representation in unrelated cases in his 3.850 motion.

The allegations that trial counsel was ineffective for failing to "show up" for thirty-four days after Petitioner was arrested and for denying Petitioner's request to transcribe depositions of defense witnesses were not raised in the state habeas court. Therefore, these claims are unexhausted and procedurally barred, and Petitioner has not made the requisite showing to overcome procedural default.

Moreover, Petitioner's claim that counsel did not "show up" for thirty-four days is refuted by the record. The record reflects that Petitioner was arrested on January 19, 2011. ECF No. 62-1 at 27. The circuit judge

appointed the public defender to represent him on January 20, 2011. *Id.* at 29. After the court granted the public defender's certification of conflict of interest and motion to withdraw as counsel on January 31, 2011, the court appointed regional counsel. *Id.* at 36-37. On February 2, 2011, assistant regional counsel, Michael Bryant, appeared for Petitioner an entered a plea of not guilty. *Id.* at 38. Following a *Faretta* hearing, the circuit judge granted Petitioner's request to represent himself and appointed Mr. Bryant as stand-by legal counsel. *Id.* at 127-130.

The record therefore reflects Petitioner had appointed counsel from the date of his first appearance until he was granted permission to represent himself, at which time he was appointed stand-by counsel. Petitioner fails to demonstrate counsel was deficient or that he was prejudiced as a result.

To the extent Petitioner asserts that trial counsel was ineffective for failing to investigate the claim that Petitioner was arrested without a valid arrest warrant, his claim is without merit. The arrest warrant was valid; therefore, counsel was not deficient for failing to pursue this claim. Moreover, Petitioner fails to show prejudice, as he is required to do under *Strickland*.

20

To the extent Petitioner argues that counsel rendered ineffective assistance for failing to pay for and furnish transcripts of witness depositions, Petitioner likewise does not establish that counsel was deficient or that he was prejudiced thereby.

Finally, Petitioner's claim that appellate counsel was ineffective for failing to investigate and pursue his "false arrest" claim is also meritless. Petitioner presented this claim in his petition for belated appeal to the First DCA, which the First DCA construed as a petition alleging ineffective assistance of appellate counsel and denied. Petitioner fails to demonstrate the denial was legally unreasonable under § 2254. As previously discussed, the arrest warrant was properly signed and supported, therefore counsel was not deficient, as petitioner alleges, for failing to pursue a claim based on an unconstitutional arrest. Moreover, Petitioner fails to establish prejudice. Ground Two should be denied.

### **Ground Three**

In Ground Three, Petitioner asserts a claim of prosecutorial misconduct, claiming that the state attorney signed the "invalid" arrest warrant; used perjured testimony to secure Petitioner's conviction; failed to notify Petitioner that a witness for the defense changed his testimony to

21

testify for the state; and violated Fla. R. Crim. P. 3.220. Petitioner further asserts in his reply that the prosecutor knowingly suppressed deposition testimony. ECF No. 34 at 8; ECF No. 66 at 5-7.

Petitioner presented this prosecutorial misconduct claim to the state postconviction court (construed as Ground One of his 3.850 motion), and the state court found that the claim was procedurally barred because Petitioner could have but failed to raise the claim at trial or on direct appeal. ECF No. 62-4 at 186-188. Accordingly, Petitioner's claim of prosecutorial misconduct is procedurally barred, and Petitioner has failed to make the showing necessary to overcome the bar.

### **Ground Four**

In Ground Four, Petitioner asserts a claim of judicial misconduct/bias on the grounds that the circuit court judge appointed counsel to a case that did not exist; overlooked the fact that the arrest warrant was not signed by a judge; appointed counsel who ultimately rendered ineffective assistance; and denied Petitioner's motions, including his motion for evidentiary hearing, motion to suppress, and motion for mistrial. ECF No. 34 at 10. In his reply, Petitioner further alleges that the judge denied Petitioner his constitutional right to represent himself; allowed witness Robert

22

Washington to testify for the state without notice; failed to conduct a *Richardson* hearing; denied petitioner's motion to strike witnesses; allowed a detective to testify as a witness; and denied Petitioner's motion for mistrial.

What Petitioner asserts as Ground Four are the same issues and essentially the same arguments as the claims of trial court error that Petitioner presented to the state habeas court repackaged on federal review as a claim of judicial bias. The state court found that these claims were procedurally barred because Petitioner could have but failed to raise the claims at trial or on direct appeal. Accordingly, they are barred from federal review and Petitioner has failed to make the showing required to overcome the procedural bar.

Moreover, Petitioner fails to state a claim for federal habeas relief because even accepting as true his allegations of judicial bias, he does not state a claim for a constitutional violation because he fails to demonstrate he was deprived of a fair trial. *See Whisenhant v. Allen*, 556 F.3d 1198, 1209 (11th Cir. 2009).

**Ground Five**

In Ground Five, Petitioner asserts it was fundamental error and a denial of due process to convict him of an offense not charged in the information. Petitioner presented this claim in his direct appeal to the First DCA. He argued that neither the initial nor the amended information identified the matter being investigated or the official proceeding allegedly hindered and did not provide any language or statutory provision to put Petitioner on notice as to the degree of crime with which he was being charged. ECF No. 62-3 at 174-95.

Petitioner argued that because the information did not specify the underlying matter or investigation affected, it omitted an element of the offense, and to convict a defendant on a charge not made in the information is a denial of due process and fundamental error. *Id.* at 190, citing *State v. Gray*, 435 So. 2d 816 (Fla. 1983); *Thornhill v. Alabama*, 310 U.S. 88 (1940). The First DCA denied Petitioner's appeal on the merits.

On federal habeas review, Petitioner argues that it was fundamental error and a denial of due process to convict Petitioner of an offense not charged in the information, although he does not specify whether he is alleging that his right to due process was violated under Florida law or the

24

U.S. Constitution. Petitioner further asserts that the information violated his due process rights because there was no sworn statement to support the search warrant; no investigative report by any officer; the information and the arrest warrant reflect two different charges; and the information was filed "after 40 days expired date." ECF No. 34 at 14.

To the extent that Petitioner alleges that the information failed to comply with state law—including the Florida Rules of Criminal Procedure and the Florida Constitution—Petitioner's claim raises only a state law issue that does not provide the basis for federal habeas relief.

A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 7654, 780 (1990)). This is because "a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada*, 941 F.2d at 1560 (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1053-54 (11th Cir. 1983)).

Federal habeas relief may only be granted on a state charging

document where that indictment or information was so defective as to deprive the trial court of jurisdiction. *See DeBenedictis v. Wainwright*, 674 F.2d 841, 842-43 (11th Cir. 1982) (citing *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir.1980)); *see also Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 23-24 (11th Cir. 2012).

Despite Petitioner couching his arguments in terms of federal due process, both in his state appellate brief and his § 2254 petition, the validity of the amended information and the sufficiency of the original and amended charging documents are purely matters of state law, specifically Rule 3.140 of the Florida Rules of Criminal Procedure and decisions of the Florida courts.

Moreover, the amended information, on which Petitioner was charged and convicted, was not constitutionally inadequate. "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998). "Moreover, the constitutional standard is fulfilled by an indictment that tracks the wording of the statute, as long as the language sets forth the

essential elements of the crime." *Sneed*, 496 F. App'x at 23 (quoting *United States v. Ndiaye*, 434 F.3d 1270, 1299 (11th Cir. 2006)).

Section 914.22, Florida Statutes, provides as follows:

(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:

(a) Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;

(b) Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding;

(c) Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;

(d) Be absent from an official proceeding to which such person has been summoned by legal process;

(e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or

(f) Testify untruthfully in an official investigation or an official proceeding,

commits the crime of tampering with a witness, victim, or informant.

The amended information alleged that Petitioner:

27

did then and there knowingly use intimidation, threaten another person, or did attempt to do so, or engage in misleading contact toward another person, to wit: CECILIA HENRY by stating to Henry, "if you testify, I will kill you,", with the intent to cause or induce CECILIA HENRY to withhold testimony in an official proceeding or be absent from an official proceeding to which CECILIA HENRY had been summoned by legal process, contrary to F.S. 914.22(1). (L7, F1).

ECF No. 62-2 at 112. The information refers specifically to the statute and the wording of the information adequately tracks the wording of the statute, setting forth the elements of the crime. Additionally, the amended information included "F1," as to inform Petitioner he was being charged with a first-degree felony. Accordingly, the information was constitutionally adequate, and Petitioner was not convicted of an uncharged crime. The state court's rejection of this claim was not contrary to or an unreasonable application of Supreme Court law. Petitioner is not entitled to relief on Ground Five.

### Ground Six

In Ground Six, Petitioner asserts that "it was fundamental error failing to instruct the jury on all elements of the offense and the underlying offense, and to fail to define the underlying offense." ECF No. 34 at 15. Plaintiff further asserts that, although he was charged with tampering with a

witness, there was no witnesses to the crime, proof of any official responding to the scene of the crime, or sworn statements in support of the crime. *Id.* Petitioner appears to assert that the trial court's failure to instruct the jury on the elements of the derivative first-degree felony that was the subject of the investigation was fundamental error and that there was insufficient evidence to support his conviction.

The charge of tampering with a witness or victim is a "derivative offense," in that the degree of the tampering offense is based upon the underlying crime or crimes under investigation. On direct appeal, counsel argued that it was fundamental error for the trial court to fail to instruct the jury on any elements of, or to define, the underlying first-degree felony that was being investigated. Counsel represented that there was no case law directly on point addressing the issue and relied on Florida state law decisions concerning burglary and the Florida burglary statute in support of this claim. ECF No. 62-3 at 194, citing *Bowen v. State*, 791 So. 2d 44 (Fla. 2d DCA 2011); *Wilson v. State*, 824 So. 2d 335 (Fla. 4th DCA 2002).

Petitioner's appellate brief did not mention the federal standard applicable to a claim of constitutional error with respect to a jury instruction; instead, it relied on state law for the argument that the instruction

29

constituted fundamental error. Therefore, Petitioner did not fairly apprise the reviewing court of a potential federal claim. Because Petitioner failed to fairly present a federal claim to the state court, the claim is unexhausted for federal habeas purposes and now procedurally barred from review. Petitioner has not made the showing required to overcome the procedural bar.

Petitioner asserted a related claim as Ground Seventeen in the state postconviction court challenging the prosecution's failure to instruct the jury on all elements of the offense and to define the underlying offense. ECF No. 62-4 at 106. The state habeas court found that the claim was procedurally barred because Petitioner could have but failed to assert the claim on direct appeal. Accordingly, to the extent that Petitioner is challenging the failure to instruct the jury on all elements of the offense, that claim is also barred from federal habeas review, and Petitioner has not made the showing required to overcome the procedural bar.

Finally, to the extent Petitioner seeks to challenge the sufficiency of the evidence, he did not present such a claim to the state court either on direct appeal or in his motion for postconviction relief. Accordingly, Petitioner failed to exhaust his sufficiency of the evidence claim in the

30

Florida courts, and he is procedurally barred from asserting it on federal habeas review. Petitioner has not made the showing required to overcome the procedural bar.

Concerning the merits of this claim, Petitioner has not demonstrated that the state court, in rejecting these claims, arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or decided the case differently from the Supreme Court on a set of materially indistinguishable facts. For these reasons, Petitioner is not entitled to habeas relief as to Ground Six.

**Ground Seven**

In Ground Seven, Petitioner asserts a claim of double jeopardy arguing that his conviction in the instant case, subsequent to his acquittal in case number 2010-CF-873, violated double jeopardy. Although Petitioner presented this claim as Ground Thirteen in the state postconviction court, the court found that the claim was procedurally barred because Petitioner could have but failed to assert the claim on direct appeal. Petitioner is now procedurally barred from asserting it on federal habeas review, and he has not made the showing required to overcome the procedural bar. Ground Seven should be denied.

**Ground Eight**

In his final ground for relief, Petitioner asserts a claim of "Newly Discover[ed] Evidence/Prosecutor Misconduct." ECF No. 34 at 17. Petitioner asserts that he received his "appeal discovery" and noticed two copies of the arrest warrant in his case: one that is signed by a judge and one that is not. Petitioner asserts that this "evidence" demonstrates that the prosecutor maliciously prosecuted him based on a false arrest.

Petitioner presented this claim in his state habeas application as Ground One, asserting prosecutorial misconduct on the grounds that the arrest warrant was not signed by a judge. The state postconviction court found that the claim was procedurally barred because Petitioner could have but failed to assert the claim on direct appeal. Petitioner is now barred from asserting it on federal habeas review, and he has not made the showing required to overcome the procedural bar. And, as discussed previously, this claim has no merit because the warrant was signed by a judge. Ground Eight should be denied.

## IV. Conclusion

Upon a review of the record and the state court's disposition of Petitioner's claims, and mindful of the high degree of deference that is

afforded to the state court's assessment of Petitioner's claims, the Court

concludes that Petitioner has presented no basis for federal habeas

relief because Petitioner's claims are either unexhausted, procedurally

barred, or without merit.

## V. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue

or deny a certificate of appealability when it enters a final order adverse to

the applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)."  A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section

2254 Cases.

The undersigned finds no substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483–84 (2000). Therefore, the undersigned recommends that the

district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court

may direct the parties to submit arguments on whether a certificate should

issue."  Thus, if there is an objection to this recommendation by either

33

party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

## VI. Recommendation

Accordingly, it is respectfully **RECOMMENDED:**

1. The first amended petition for writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 34, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

3. Case No. 1:15-cv-262-MW-EMT should be administratively closed.

**IN CHAMBERS** this 19th day of February 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.